IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARSON I. GIBBS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No.14-790-SLR |
| | ) |
| ROBERT COUPE, et al., | ) |
| | ) |
| Defendants. | ) |

Arson I. Gibbs, Sr., Dover, Delaware. Pro se Plaintiff.

Roopa Sabesan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Robert Coupe, David Pierce, and James Welch.

**MEMORANDUM OPINION**

Dated: November 6, 2015
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

Plaintiff Arson I. Gibbs, Sr. ("plaintiff"), a former inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, proceeds pro se and has been granted leave to proceed in forma pauperis.[1] He filed this lawsuit on June 20, 2014, raising medical needs claims pursuant to 42 U.S.C. § 1983. (D.I. 1, 7) Presently before the court are State defendants' motion to dismiss (D.I. 30) and plaintiff's motion for summary judgment (D.I. 35). The court has jurisdiction pursuant to 28 U.S.C. § 1331. For the following reasons, the court will deny the motions.

## II. BACKGROUND

Plaintiff, who has worn eyeglasses for more than forty-five years, alleges defendants were deliberately indifferent to his serious medical needs when, based upon prison policy, his wire frame prescription eyeglasses were taken from him upon his incarceration. Plaintiff's glasses were taken on April 13, 2014 and, as of the date of the filing of the amended complaint, July 24, 2014, he had not been provided with prescription glasses. Plaintiff alleges the delay in medical care harmed him.

In addition, plaintiff alleges that defendant Delaware Department of Correction Commissioner Robert Coupe ("Coupe") failed to train defendant VCC Warden David

---

[1] Plaintiff was hospitalized in August 2014 and released from prison. (*See* D.I. 11) He is on community supervision with a scheduled release date of November 2015. *See* https://www.vinelink.com/vinelink/detailsAction.do?siteId=8000&agency=1&id=00066982&searchType=offender (Nov. 5, 2015).

Pierce ("Pierce") on policy writing and that Pierce was indifferent to plaintiff's needs through his written policy of confiscating prescription eyeglasses and the failure to replace them within a reasonable time. Plaintiff alleges that defendant Bureau Chief James Welch ("Welch") violated his rights when he affirmed the denial of plaintiff's grievances seeking his prescription eyewear. Welch denied plaintiff's grievance on July 3, 2014. As alleged by plaintiff, he had yet to receive prescription eyeglasses as of July 24, 2014.[2]

State defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted and, in the alternative, that they are protected from liability by reason of qualified immunity. (D.I. 30) Plaintiff opposes the motion and requests summary judgment. (D.I. 35)

## III. LEGAL STANDARDS

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.*

---

[2] Filings do not indicate when, or if, plaintiff was provided prescription glasses prior to his release from the VCC.

2

v. Twombly, 550 U.S. 544, 545 (2007) (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 545 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. Furthermore, "[w]hen there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). Such a determination is a context specific task requiring the court "to draw on its judicial experience and common sense." Id.

## IV. DISCUSSION

### A. Failure to State a Claim

As noted above, State defendants move to dismiss on the grounds that the allegations against them fail to state a claim upon which relief may be granted. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

This court previously reviewed plaintiff's allegations and found that he stated cognizable and non-frivolous claims. Nothing has changed since the court's ruling. Plaintiff adequately alleges constitutional claims against Coupe, Pierce, and Welch. See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (When an Eighth Amendment claim

3

is brought against a prison official it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately indifferent to the inmate's health or safety.); *Dinote v. Danberg,* 601 F. App'x 127, 131 (3d Cir. 2015) (unpublished) (Supervisory liability is available only if the supervisor with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the constitutional harm, or (2) participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct.). Therefore, the court will deny State defendants' motion to dismiss for failure to state a claim upon which relief may be granted.

### B. Qualified Immunity

State defendants also seek dismissal on the grounds of qualified immunity. They argue that they relied, justifiably, upon medical personnel to meet the medical needs of plaintiff and there are no allegations to show this justification was not reasonable.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan,* 555 U.S. 223, 231 (2009) (citation and quotation marks omitted). The question of "whether an officer made a reasonable mistake of law and is thus entitled to qualified immunity is a question of law that is properly answered by the court, not a jury." *Curley v. Klem,* 499 F.3d 199, 211 (3d Cir. 2007). "[I]t is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases." *Newland v. Reehorst,* 328 F.

4

App'x 788, 791 n.3 (3d Cir. 2009) (unpublished). A full analysis of whether qualified immunity applies to plaintiff's claims against State defendants is premature because there are unresolved questions of fact relevant to the analysis.

Therefore, the court will deny the motion to dismiss on the grounds of a qualified immunity defense at this stage of the litigation, without prejudice to State defendants' ability to later raise the defense.

## V. CONCLUSION

For the above reasons, the court will: (1) deny State defendants' motion to dismiss (D.I. 30); and (2) deny without prejudice to renew and as premature plaintiff's motion for summary judgment (D.I. 35).

A separate order shall issue.