## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARSON I. GIBBS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No.14-790-SLR |
| | ) |
| ROBERT COUPE, et al., | ) |
| | ) |
| Defendants. | ) |

Arson I. Gibbs, Sr., Dover, Delaware. Pro se Plaintiff.

Roopa Sabesan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Robert Coupe, David Pierce, and James Welch.

Dana Spring Monzo, Esquire, White & Williams, Wilmington, Delaware. Counsel for Defendants Misty Little and Rita Robinson

**MEMORANDUM OPINION**

Dated: March 8 , 2016
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Arson I. Gibbs, Sr. ("plaintiff") proceeds pro se and has been granted leave to proceed in forma pauperis. Plaintiff was incarcerated at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, when he initiated this lawsuit. He has since been released. He raises medical needs claims pursuant to 42 U.S.C. § 1983. Presently before the court are plaintiff's motion for summary judgment and motion for default judgment (D.I. 49, 50), and motions to dismiss for insufficiency of process filed by defendants Misty Little ("Little")[1] and Rita Robinson ("Robinson") (D.I. 56, 57). The court has jurisdiction pursuant to 28 U.S.C. § 1331. For the following reasons, the court will deny the motions.

## II. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff commenced this lawsuit on June 20, 2014. (D.I. 1) An amended complaint was filed on July 28, 2014 and, on December 3, 2014, a service order was entered for the service of defendants Robert Coupe ("Coupe"), David Pierce ("Pierce"), Correct Care Solutions ("CCS"), Little, Lee Anne Dunn ("Dunn"), Michael Hawke ("Hawke"), Robinson, and James Welch ("Welch"). (D.I. 16) On December 31, 2014 service packets were sent to the United States Marshal Service ("USMS").[2] The service packets included a request to waive service of summons for each defendant. CCS,

---

[1]Little is now known as Misty Little May. (D.I. 56, ¶ 1) The court will refer to her as Little.

[2]Pierce, Coupe, and Welch ("State defendants") waived service of summons. (D.I. 19, 21, 31) On March 15, 2015, State defendants moved to dismiss the complaint, and the motion was denied on November 6, 2015. (D.I. 46, 47) To date, State defendants have not filed an answer to the complaint. The will be ordered to do so.

Robinson, Dunn, Hawke, and Little did not return the waiver of service of summons form. (D.I. 25, 26, 27, 28, 29) The same service address was provided for CCS, Robinson, Dunn, Hawke, and Little at James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, Delaware ("Paddock Road address").

On August 7, 2015, the court entered an order for plaintiff to request issuance of summonses for defendants who did not return the waiver for personal service. (D.I. 34) Plaintiff complied with the order and, on September 9, 2015, service packets for personal service were sent to the USMS for CCS, Dunn, Hawke, Little, and Robinson. Unfortunately, the USMS mailed the service packets instead of attempting personal service as ordered. Once again, the USMS provided each defendant with a request to waive service of summons. The service packets were mailed to the defendants at the Paddock Road address used in the first attempt at service. Neither CCS, Robinson, Dunn, Hawke, nor Little returned the waiver of service of summons form. (D.I. 40, 41, 42, 43, 44)

On November 6, 2015, the court entered a second supplemental service order noting that the USMS did not attempt personal service on the unserved defendants as previously ordered. (D.I. 48) On November 17, 2015, service packets were submitted to the USMS to effect personal service upon CCS, Dunn, Hawke, Little, and Robinson. On December 1, 2015, Dunn was personally served at the Paddock Road address; on December 9, 2015, CCS's administrator, Christine Francis ("Francis"), was personally served at the Paddock Road address; and on December 9, 2015, Francis accepted personal service on behalf of Little, again at the Paddock Road address. (D.I. 51, D.I. 53, 54) Robinson was personally served on December 11, 2015 at the Sussex

2

Correctional Institution in Georgetown, Delaware. (D.I. 55) The USMS advised that it was unable to personally serve Hawke as he no longer works at the VCC. (D.I. 52)

On November 30, 2015, plaintiff filed a motion for summary judgment. (D.I. 49) Plaintiff then filed a motion for default judgment as to all defendants. (D.I. 50) Approximately one month later, Little and Robinson filed motions to dismiss for insufficiency of process.[3] (D.I. 56, 57) Robinson recently filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[4] (D.I. 60)

## III. LEGAL STANDARDS

A defendant may file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) when a plaintiff fails to properly serve him or her with the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5). A plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) imposes a 120-day time limit for perfection of service following the filing of a complaint. Fed. R. Civ. P. 4(m). If service is not completed within that time, the action is subject to dismissal without prejudice. *Id. See also MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995).

## IV. DISCUSSION

### A. Service

Little moves for dismissal on the grounds that service was not properly effected upon her because the summons and complaint were left with Francis, a Connections

---

[3]Robinson later filed a notice to withdraw paragraphs 5 and 7 of her motion that contended she had not been personally served. (D.I. 59)

[4]The court will enter a briefing schedule on the motion to dismiss.

3

Community Support Programs, Inc. employee, and Francis is not an agent authorized to accept service on behalf of Little. (D.I. 56, ¶ 7) In addition, both Little and Robinson seek dismissal because they were served more than 120 days after the filing of the amended complaint in derogation of Fed. R. Civ. P. 4(m). (D.I. 56, ¶ 8; D.I. 57, ¶ 8)

"An indigent prisoner representing himself is entitled to rely on the Marshal to achieve service of process." *Hankins v. Pennsylvania*, 526 F. App'x 164, 167 (3d Cir. 2013) (unpublished) (quoting *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990). Rule 4(m) provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice." Fed. R. Civ. P. 4(m). The rule goes on the state that "[u]pon a showing of good cause for the failure to serve, the court must extend the time for service; [and] the court can, at its discretion, extend the time for service even if plaintiff has not shown good cause for the delay." *Daniels v. Correctional Med. Services*, 380 F. Supp. 2d 379, 384 (D. Del. 2005) (citing Fed. R. Civ. P. 4(m)); *MCI Telecomm. Corp.*, 71 F.3d at 1098.

As defendants are aware, plaintiff proceeds in forma pauperis and, therefore, must rely upon the court to issue a service order and the USMS to effect proper service of the summons and complaint. *See* 28 U.S.C. § 1915(d) (stating that where a plaintiff is proceeding in forma pauperis, "the officers of the court shall issue and serve all process, and perform all duties in such cases"). Plaintiff had nothing to do with any delay in service. Indeed, he timely complied with all court orders and deadlines. Dismissal for failure to timely serve is not proper. Therefore, the court will deny the motions to dismiss on the basis of untimely service.

4

With regard to Little's contention that she was not properly served, under Rule 12(b)(5), the court has "broad discretion" in deciding whether to dismiss the complaint for insufficient service. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). The Third Circuit has instructed that "dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." *Id.* Given that instruction, the court chooses not to dismiss the complaint pursuant to Rule 12(b)(5).

The court notes that plaintiff requested defendants waive service pursuant to Fed. R. Civ. P. 4(d). Rule 4(d) rule affirmatively imposes the "duty to avoid unnecessary expenses of serving the summons" upon defendants. *Id.* If defendant "fails, without good cause, to sign and return [the] waiver" requested by plaintiff within a "reasonable time," the court "must impose on [defendant]": (A) the "expenses later incurred in making service"; and (B) the "reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." *See* Fed. R. Civ. P. 4(d)(1)(F), 4(d)(2)(A), 4(d)(2)(B).

The record reflects that service was accepted on Little's behalf at the Paddock Road address, the same address that the USMS used when it mailed service packets to Little on two separate occasions. On both occasions that service was attempted by mail, the process receipts and returns stated that the USMS mailed the waiver to defendant, but it never received the waiver of service from defendant. The service packets were not returned as undeliverable and there is no indication that Little did not receive the service packets; only that she failed to return the waiver of service.

Plaintiff will be given one final opportunity to personally serve Little. Little will be served at the Paddock Road address absent notification that the Paddock Road

5

address is incorrect. Little is placed on notice that, given her failure to waive service of summons under Fed. R. Civ. P. 4(d), she may be responsible for the costs of service, including the first and second attempt to personally serve her. Little may avoid costs of service should she opt to execute a waive service of summons.

The court will deny defendants' motions to dismiss for improper service for the reasons discussed above.

## B. Default Judgment

Plaintiff moves for default judgment as to all defendants for their failure to plead or otherwise defend. (D.I. 50) Coupe, Pierce, Little, Robinson, and Welch all filed motions to dismiss. (D.I. 30, 56, 57) CCS and Dunn have been personally served but have not answered or otherwise appeared. (D.I. 51, 53)

Entry of default judgment is a two-step process. Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the Clerk of the Court "enter . . . the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). Timely serving and filing a motion to dismiss under Fed. R. Civ. P. 12(b), precludes entry of default. *See Francis v. Joint Force Headquarters Nat'l Guard*, 2006 WL 2711459 (D.N.J. Sept.19, 2006), *aff'd in part*, 247 F. App'x 387 (3d Cir. 2007) (unpublished). Even if default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

6

Here, there has been no entry of default. Moreover, many of the defendants have appeared and filed motions to dismiss the complaint. Therefore, the court will deny the motion for default judgment. (D.I. 50)

## C. Summary Judgment

Plaintiff moves for summary judgment on the grounds that there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law. (D.I. 49) To date, defendants have not filed an answer and the court has not entered a scheduling and discovery order. The motion will be denied as premature, without prejudice to renew.

### D. Show Cause

The USMS advises that it has been unable to serve Hawke as he no longer works at the VCC. Therefore, plaintiff will be ordered to show cause why Hawke should not be dismissed for failure to serve him pursuant to Fed. R. Civ. P 4(m).

## V. CONCLUSION

For the above reasons, the court will: (1) deny plaintiff's motion for summary judgment as premature without prejudice to renew and will deny plaintiff's motion for default judgment (D.I. 49, 50); (2) deny the motions to dismiss for insufficiency of process filed by Little and Robinson (D.I. 56, 57); (3) enter a briefing schedule on Robinson's motion to dismiss; (4) enter an order for defendants to answer the complaint; (5) enter a show cause order why Hawke should not be dismissed; and (6) enter a service order for Little.

An appropriate order will be entered.