IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARSON I. GIBBS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Civ. No.14-790-SLR | |
| | ) | |
| ROBERT COUPE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

Arson I. Gibbs, Sr., Dover, Delaware.  Pro se Plaintiff.

Roopa Sabesan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Defendants Robert Coupe, David Pierce, and James Welch.

Daniel A. Griffith, Whiteford, Taylor & Preston, L.L.C., Wilmington, Delaware.  Counsel for Correct Care Solutions.

Dana Spring Monzo, Esquire, White & Williams, Wilmington, Delaware.  Counsel for Defendant Rita Robinson.

---

**MEMORANDUM OPINION**

Dated:  June 28, 2016
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Arson I. Gibbs, Sr. ("plaintiff") proceeds pro se and has been granted leave to proceed in forma pauperis. Plaintiff was incarcerated at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, when he initiated this lawsuit. He has since been released. He raises medical needs claims pursuant to 42 U.S.C. § 1983. Presently before the court are motions to dismiss filed by plaintiff and defendants Rita Robinson ("Robinson") and Correct Care Solutions ("Correct Care").[1] (D.I. 60, 71, 81) The court has jurisdiction pursuant to 28 U.S.C. § 1331. For the following reasons, the court will grant Robinson's motion to dismiss and will deny Correct Care's and plaintiff's motions to dismiss.

## II. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff commenced this lawsuit on June 20, 2014. (D.I. 1) On July 1, 2014, the court entered an order noting that plaintiff had three strikes under 28 U.S.C. § 1915(g) and finding that he had alleged imminent harm at the time the complaint was filed. (*See* D.I. 3) An amended complaint was filed on July 28, 2014 and, on December 3, 2014, a service order was entered. Serving defendants with the complaint took an unusually long time. To date, defendants Robert Coupe ("Coupe"), David Pierce ("Pierce"), and James Welch ("Welch") (collectively "State defendants") have answered the complaint (*see* D.I. 75), defendant Lee Anne Dunne ("Dunne") has been served but has not answered or otherwise appeared (*see* D.I. 51), plaintiff has until June 30, 2016 to provide a correct address to serve defendant Michael Hawke ("Hawke") (*see* D.I. 76)

---

[1]Robinson moves to join (D.I. 78) Correct Care's motion to dismiss and plaintiff moves to strike (D.I. 80) Correct Care's motion to dismiss.

and, as noted above, Robinson and Correct Care seek dismissal of the claims against them.  Robinson moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and Correct Care moves for dismissal on the grounds that the instant complaint abuses the judicial process as a frivolous action.

## III. LEGAL STANDARDS

Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).  In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  *See Erickson v. Pardus*, 551 U.S. at 94.  To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)).  Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must

2

take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346. Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV. DISCUSSION

### A. Failure to State a Claim

Robinson moves to dismiss the claims against her for failure to state a claim upon which relief may be granted. (D.I. 60) Robinson is not mentioned in the original complaint. The amended complaint added Robinson, stating that she was a member of the grievance committee and alleging that all grievance members repudiated and refused to grant or support plaintiff's request for prescription eyeglasses when they had the power to do so. (D.I. 7, ¶¶ 2-3) The amended complaint further alleges that the grievance committee members were deliberately indifferent to plaintiff's serious medical

3

needs and violated his constitutional rights under the Eighth Amendment to the United States Constitution. (*Id.* at ¶ 4)  An exhibit to the amended complaint contains Robinson's name as a grievance committee member. (D.I. 7, ex. J)  There are no other allegations directed towards Robinson.

Robinson seeks dismissal of the claim as not cognizable, arguing that plaintiff cannot maintain a constitutional claim against her based solely on her role as a grievance committee member.  Plaintiff responds that he does not challenge the grievance procedure and alleges that Robinson repudiated and refused to grant, or support, his request for prescription eyeglasses.

The filing of prison grievances is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006) (unpublished).  To the extent that plaintiff's claim against Robinson is based upon his dissatisfaction with the grievance procedure or denial of his grievance, the claim fails because an inmate does not have a "free-standing constitutional right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (unpublished) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).  In addition, the denial of a grievance appeal does not in itself give rise to a constitutional claim, as plaintiff is free to bring a civil rights claim in District Court. *See Winn v. Department of Corr.*, 340 F. App'x 757, 759 (3d Cir. 2009) (citing *Flick v. Alba*, 932 F.2d at 729).

Although plaintiff contends that he is not challenging the grievance procedure, his allegations that Robinson repudiated and refused to grant or support his request for prescription eyeglasses (an issue raised in his grievance seeking eyeglasses) in essence speak to the grievance process and the fact that his grievance was denied.

4

To the extent that he attempts to do so, plaintiff cannot maintain a constitutional claim based upon his perception that his grievance was not properly processed, that it was denied, or that the grievance process is inadequate.

Therefore, the court will grant Robinson's motion to dismiss. Since it appears plausible that plaintiff may be able to articulate a claim against Robinson, he will be given an opportunity to amend his pleading.

### B. Three Strikes

Correct Care moves for dismissal on the grounds that plaintiff has three strikes under 42 U.S.C. § 1915(g) of the Prison Litigation Reform Act ("PLRA") and that his complaint is frivolous and an abuse of the judicial process. (D.I. 71) Robinson moves to join the motion (D.I. 78), which the court will grant, and plaintiff moves to strike the motion (D.I. 80), which the court will deny.

Correct Care argues that, at the time plaintiff filed his complaint, he was not under imminent danger of serious physical injury. The PLRA provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). Plaintiff has three strikes. (*See* D.I. 3, ¶ 3 listing cases) When an inmate has three strikes, he may not file another civil action in forma pauperis while incarcerated unless he is in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir. 2001).

5

To support its position, Correct Care relies mainly on allegations in the amended complaint, specifically paragraph 7, and does not consider the allegations in the original complaint. (*See* D.I. 71, ¶ 12). The original complaint alleges that, because plaintiff's eyeglasses were confiscated, he suffered from eye strain, severe eye aches and headaches, and he felt as though sand was in his eyes. Upon commencement of the case, the court reviewed the complaint and, on July 1, 2014, determined that plaintiff had adequately alleged that, at the time of the filing of the complaint, he was under imminent danger of serious physical injury. (*See* D.I. 3); *see also Gibbs v. Cross*, 160 F.3d 962 (3d Cir. 1998) (imminent danger alleged when prisoner suffered headaches and other symptoms as a result of exposure to dust and lint). Nothing has changed since that ruling.

Accordingly, the court will deny Correct Care's motion to dismiss. (D.I. 71)

### C. State Defendants

Plaintiff moves to dismiss State defendants' answer on the grounds that they did not timely file an answer to the complaint on or before May 1, 2016, as ordered by the court. (*See* D.I. 66) May 1, 2016, fell on a Sunday. State defendants timely filed their answer on Monday, May 2, 2016, the first day possible following May 1, 2016. Therefore, the court will deny the motion to dismiss the answer.

## V. CONCLUSION

For the above reasons, the court will: (1) grant Robinson's motion to dismiss (D.I. 60); (2) give plaintiff leave to amend his claim against Robinson; (3) grant Robinson's motion to join Correct Care's motion to dismiss, but deny Correct Care and

Robinson's motions to dismiss (D.I. 71, 78); and (4) deny plaintiff's motions (D.I. 80, 81).

An appropriate order will be entered.