IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARSON I. GIBBS, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No.14-790-SLR ) |
| ROBERT COUPE, et al., | ) ) |
| Defendants. | ) ) |

Arson I. Gibbs, Sr., Dover, Delaware. Pro se Plaintiff.

Roopa Sabesan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Robert Coupe, David Pierce, and James Welch.

Daniel A. Griffith, Esquire, Whiteford, Taylor & Preston, LLC, Wilmington, Delaware. Counsel for Defendants Correct Care Solutions, LLC and Lee Anne Dunn

**MEMORANDUM OPINION**

Dated: June 8, 2017
Wilmington, Delaware

ROBINSON, Senior District Judge

## I. INTRODUCTION

Plaintiff Arson I. Gibbs, Sr. ("plaintiff") proceeds pro se and has been granted leave to proceed in forma pauperis. Plaintiff was incarcerated at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, when he initiated this lawsuit. He has since been released. He raises medical needs claims pursuant to 42 U.S.C. § 1983. Presently before the court are plaintiff's motion to reiterate motion for default judgment and motion for summary judgment, State defendants' combined motion to dismiss for lack of prosecution and motion for summary judgment, defendant Correct Care Solutions, LLC's ("CCS") motion for summary judgment, and defendant Lee Ann Dunn's ("Dunn") motion to dismiss. (D.I. 96, 97, 101, 105) The court has jurisdiction pursuant to 28 U.S.C. § 1331.

## II. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff commenced this lawsuit on June 20, 2014, followed by an amended complaint on July 28, 2014. (D.I. 1, 7) In November 2015, plaintiff filed a motion for summary judgment and, in December 2015, he filed a motion for default judgment. (D.I. 49, 50) Both motions were denied. The motion for summary judgment was denied as premature, without prejudice to renew on the grounds that defendants had not filed an answer, and the court had not entered a scheduling and discovery order. (D.I. 66) The motion for default judgment was denied on the grounds that there had been no entry of default, and many of the defendants had appeared and filed motions to dismiss the complaint. (*Id.*)

On August 3, 2016, the court entered a scheduling order with a discovery deadline of December 2, 2016 and a dispositive motion deadline of January 6, 2017. (D.I. 93) State defendants served discovery requests upon plaintiff on September 16, 2016. (D.I. 94, 95) To date, plaintiff has not responded to the discovery requests. On January 6, 2017, State defendants filed a combined motion to dismiss for lack of prosecution and motion for summary judgment. (D.I. 96) CCS filed a motion for summary judgment the same day and joined State defendants' motion to dismiss for lack of prosecution. (D.I. 97 at ¶ 17) On February 2, 2017, plaintiff filed a motion to reiterate a previously filed motion for default judgment (D.I. 50) and motion for summary judgment (D.I. 49). (D.I. 101) On March 31, 2017, defendant Lee Anne Dunn ("Dunn") filed a motion to dismiss.[1] (D.I. 105)

## III. FAILURE TO PROSECUTE

### A. Legal Standard

The court turns first to dismissal on the basis of plaintiff's failure to prosecute. Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

---

[1]Dunn was served on December 1, 2015 and ordered to answer or otherwise plead on or before May 1, 2016. (D.I. 51, 66) On March 31, 2017, counsel entered his appearance on behalf of Dunn and her motion to dismiss was filed the same day. (D.I. 104, 105) The court considers both Dunn's motion to dismiss and plaintiff's motion to reiterate even though neither were filed prior to the January 6, 2017 dispositive motion deadline.

2

The following six factors determine whether dismissal is warranted: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *Huertas v. United States Dep't of Educ.*, 408 F. App'x 639 (3d Cir. 2010) (unpublished).

The court must balance the factors and need not find that all of them weigh against plaintiff to dismiss the action. *Emerson*, 296 F.3d at 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of the *Poulis* factors are not satisfied. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all *Poulis* factors must weigh in favor of dismissal).

### B. Discussion

When State defendants and CCS filed their dispositive motions in early January 2017, no action had been taken by plaintiff for over five months. They move for dismissal based upon plaintiff's failure to prosecute his case. Plaintiff opposes the motion on the grounds that defendants did not respond to his complaint for over ten months and they "should not now be able to file a plethora and host of unfounded motions to have [his] complaint dismissed [due] to their tardiness to respond to the

complaint in a timely manner." (D.I. 101) Plaintiff advises that he suffers from congestive heart failure and "rest[s] his case in the hands of the court." (*Id.* at 3) In his response, plaintiff also moves to "reiterate" a motion for default judgment and a motion for summary judgment.

The court finds that the *Poulis* factors warrant dismissal of plaintiff's claims against State defendants and CCS. First, as a pro se litigant, plaintiff is solely responsible for prosecuting his claim. *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Second, defendants are prejudiced by plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens a defendant's ability to prepare for trial. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Here, plaintiff has not responded to defendants' discovery requests and provides no reasons for his failure to do so. His failure to take any action impedes defendants' ability to prepare their trial strategy or otherwise resolve the dispute.

With regard to the third factor, the court notes that plaintiff failed to respond to the dispositive motions filed by defendants, including the motions for summary judgment and motions to dismiss, other than to move to "reiterate" a previously filed motion for summary judgment, discussed below. Also, as noted, he failed to respond to defendants' discovery requests. These lead to the conclusion that, as to the third factor, there is a history of dilatoriness.

As to the fourth factor, given plaintiff's recent notification that he has a serious heart condition, the court takes no position on whether plaintiff's failure to prosecute is willful or in bad faith. As to the fifth factor, plaintiff proceeds pro se and has been granted pauper status. Hence, it is doubtful that monetary sanctions would be effective.

Finally, as to the sixth factor, the court takes no position on the merits of the claim given the lack of discovery.

For the above reasons, the court finds that the *Poulis* factors weigh in favor of dismissal. Therefore, the court will grant State defendants' and CCS' motions to dismiss for failure to prosecute. (D.I. 96, 97)

## IV. MOTION TO REITERATE MOTION FOR DEFAULT JUDGMENT AND MOTION FOR SUMMARY JUDGMENT

As discussed above, plaintiff filed a motion to reiterate a previously filed motion for default judgment (D.I. 50) and a previously filed motion for summary judgment (D.I. 49). (D.I. 101) A March 8, 2016 memorandum opinion and order denied plaintiff's motion for default judgment (D.I. 50) noting there had been no entry of default, that most defendants had appeared, and that motions to dismiss were pending. (*See* D.I. 65)

"Under the law of the case doctrine, once an issue is decided, it will not be relitigated in the same case, except in unusual circumstances. The purpose of this doctrine is to promote the 'judicial system's interest in finality and in efficient administration.'" *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 165 (3d Cir. 981) (internal citations omitted). "As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. The '[l]aw of the case rules have developed 'to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.'" *Arizona v. California*, 460 U.S. 605, 618 (1983) (internal citations omitted).

5

The court ruled upon plaintiff's motion for default judgment and nothing has changed since that time. Therefore, the court will deny the motion to reiterate the motion for default judgment.

Plaintiff also moves to "reiterate" a previously filed motion for summary judgment. (D.I. 50) The court denied the motion as premature, without prejudice to renew. (*See* D.I. 66) Plaintiff now asks the court to grant that motion for summary judgment.

As is well-known, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). A party asserting that a fact cannot be--or, alternatively, is--genuinely disputed must be supported either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motions only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).

Plaintiff's motion for summary judgment is not supported by law or fact. It does not cite to any portion of the record. Instead, plaintiff asks the court to "grant him summary judgment on the record." (D.I. 49) "[T]he court is not obliged to scour the record to find evidence that will support a party's claims." *Perkins v. City of Elizabeth*, 412 F. App'x 554, 555 (3d Cir. 2011) (unpublished); *see also Holland v. New Jersey*

6

*Dep't of Corr.*, 246 F.3d 267, 285 (3d Cir. 2001) (The court should not "be required to scour the . . . records and transcripts, without specific guidance, in order to construct specific findings of fact" to support its memorandum opinion and order.). Plaintiff has failed to carry his burden and, therefore, the court will deny the motion to reiterate plaintiff's motion for summary judgment.

## V. MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

### A. Legal Standard

Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. at 94. To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal

quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)). Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346. Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### B. Discussion

Dunn moves to dismiss the claims against her for failure to state a claim upon which relief may be granted. (D.I. 105) Plaintiff did not file a response to the motion. Dunn is not mentioned in the original complaint. The amended complaint added Dunn, stating that she was a member of the grievance committee and alleging that all grievance members repudiated and refused to grant or support plaintiff's request for prescription eyeglasses when they had the power to do so. (D.I. 7, ¶¶ 2-3) The

amended complaint further alleges that the grievance committee members were deliberately indifferent to plaintiff's serious medical needs and violated his constitutional rights under the Eighth Amendment to the United States Constitution. (*Id.* at ¶ 4) Two exhibits to the amended complaint contain Dunn's name as a grievance committee member. (D.I. 7, exs. I, J) There are no other allegations directed towards Dunn. Dunn seeks dismissal of the claim as not cognizable, arguing that the claims against her do not rise to the level of deliberate indifference to plaintiff's medical needs.

The filing of prison grievances is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006) (unpublished). To the extent that plaintiff's claim against Dunn is based upon his dissatisfaction with the grievance procedure or denial of his grievance, the claim fails because an inmate does not have a "free-standing constitutional right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (unpublished) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). In addition, the denial of a grievance appeal does not in itself give rise to a constitutional claim, as plaintiff is free to bring a civil rights claim in District Court. *See Winn v. Department of Corr.*, 340 F. App'x 757, 759 (3d Cir. 2009) (citing *Flick v. Alba*, 932 F.2d at 729). To the extent that he attempts to do so, plaintiff cannot maintain a constitutional claim based upon his perception that his grievance was not properly processed, that it was denied, or that the grievance process is inadequate.

In addition, the allegations raised against Dunn do not rise to the level of a violation of the Eighth Amendment. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate

medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Even when reading the claims in the most favorable light to plaintiff, he fails to state an actionable constitutional claim against Dunn for deliberate indifference to a serious medical need. Rather, the amended complaint and its exhibits indicate that, when plaintiff's grievance was presented to the grievance committee on June 5, 2014, plaintiff was scheduled to see an eye doctor, he was seen on June 13, 2014 and, as of June 19, 2014, plaintiff stated that he had been seen and was awaiting delivery of eyeglasses. (D.I. 7 at exs. I, J) The allegations fall far short of deliberate indifference to a serious medical need and, therefore, fail to state a claim upon which relief may be granted. Accordingly, the court will grant Dunn's motion to dismiss. (D.I. 105)

## VI. CONCLUSION

For the above reasons, the court will: (1) grant defendants' motions to dismiss (D.I. 96, 97, 105); (2) deny as moot defendants' motions for summary judgment (D.I. 96, 97); and (3) deny plaintiff's motion to reiterate motion for default judgment and motion for summary judgment (D.I. 101).

An appropriate order will be entered.